UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DIANE SOMMERS                                    CIVIL ACTION

VERSUS                                           NO. 26-1052

WALMART INC. ET AL.                              SECTION: "J"(4)

## ORDER AND REASONS

Before the Court is a *Motion to Remand* **(Rec. Doc. 7)** filed by Plaintiff, Diane Sommers. Defendant Walmart Inc. opposed the motion (Rec. Doc. 9). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that Plaintiff's motion to remand should be **GRANTED**.

## FACTS AND PROCEDURAL BACKGROUND

This litigation arises out of injuries Plaintiff sustained when she fell at Walmart Supercenter #1353, which is located on Jefferson Highway in Harahan, Louisiana. Plaintiff alleges that a Walmart employee neglected to remove a green plastic strap that was on the floor under and/or next to a pallet of products, and as Plaintiff was walking down the aisle, the strap caused her to trip and fall. On October 10, 2025, Plaintiff filed the instant suit against Defendant Walmart Inc. and "Walmart Store #1353 Employee" in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

Defendant Walmart Inc. removed the case to this Court on May 15, 2026, based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff filed the instant

motion to remand the case to state court on June 11, 2026. Plaintiff's counsel claims that he contacted Walmart and requested the identity of the other defendant—the Walmart employee who allegedly created the hazard that led to Plaintiff's fall—as early as January of 2026, but that Walmart did not disclose the employee's identity until June 9, 2026, after it had removed the case to this Court. This employee is a Louisiana citizen, so Plaintiff claims that the defendant's citizenship destroys diversity and also precludes removal under the forum-state defendant rule, 28 U.S.C. § 1441(b)(2). Conversely, Walmart argues that the Court has jurisdiction to hear the controversy because 28 U.S.C. § 1441(b)(1) instructs the Court to disregard the citizenship of a defendant sued under a fictitious name, and therefore, complete diversity existed at the time of removal.

## **LEGAL STANDARD**

A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The district courts have original jurisdiction over cases involving citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest or costs. 28 U.S.C. § 1332(a)(1). The removing party bears the burden of proving by a preponderance of the evidence that federal jurisdiction exists. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Because removal raises significant federalism concerns, any doubt about the propriety of removal must be resolved in favor of remand. *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007). In addition, a motion to remand

must be granted "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction . . . ." 28 U.S.C. § 1447(c).

In general, courts evaluate the facts supporting jurisdiction at the time of removal. *Gebbia v. Wal-mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); *Simon v. Wal-mart Stores, Inc.*, 193 F.3d 848, 851 (5th Cir. 1999). Accordingly, "most post-removal developments—amendment of pleadings to below jurisdictional amount or change in citizenship of a party—will not divest the court of jurisdiction." *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1181 (5th Cir. 1987) (quoting *IMFC Pro. Servs. v. Latin Am. Home Health, Inc.*, 676 F.2d 152, 157–58 (5th Cir. 1982)). However, 28 U.S.C. § 1447(e) provides that after a case is removed, when "the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction," the court has discretion either to deny joinder or to allow it and remand the action to state court. § 1447(e). Finally, when a federal court remands an action to state court, the order of remand "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." § 1447(c).

## DISCUSSION

For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of both the state where it is incorporated and the state where its principal place of business is located. § 1332(c)(1). Walmart is incorporated in Delaware and has its principal place of business in Arkansas, whereas Plaintiff is a Louisiana citizen, which means that complete diversity exists between Walmart and Plaintiff. But Plaintiff joined two defendants in this matter. Plaintiff urges the Court to remand

this case to the 24th Judicial District Court based on a lack of complete diversity between the parties. Specifically, in her original state-court petition, Plaintiff named both Walmart and a "fictitious" defendant, Walmart Store #1353 Employee, as defendants. At the time, Plaintiff was unaware of the Walmart employee's identity but has since discovered that the employee is also a citizen of Louisiana. Had Walmart made this information available prior to removal, this Court would not have had original jurisdiction for two reasons: (1) Plaintiff is a citizen of Louisiana, and therefore, a defendant who is also a Louisiana citizen would defeat complete diversity; and (2) the Walmart-Employee Defendant is also a forum-state defendant, which would have independently precluded removal of the state-court action.

Defendant Walmart Inc. opposes Plaintiff's motion to remand based on three independent grounds: (1) Defendant alleges that the amount in controversy, even though Louisiana law precluded Plaintiff from including it in her state-court petition, exceeds $75,000; (2) complete diversity existed when Walmart removed because the other defendant, Walmart's employee, had not yet been identified; and (3) removal was timely. Because Walmart's argument concerning complete diversity is dispositive, the Court will address only this second ground.

Plaintiff contends that in removing the case and opposing remand, Walmart is engaging in "procedural gamesmanship" because "Walmart cannot withhold the very information that would defeat diversity, claim diversity while the employee remained 'unidentified,' and then rely on its own eleventh-hour disclosure to salvage removal." (Rec. Doc. 7-1, at 2). Put another way, Plaintiff maintains that Walmart was the only

party with the knowledge to identify the other defendant, its own employee, but that it failed to do so—even after Plaintiff sent an informal email request in January of 2026 and a formal discovery request in April—until after it had removed the case. The Court agrees with Plaintiff's position, and the law in this regard is clear.

In *Doleac ex rel. Doleac v. Michalson*, the Fifth Circuit specifically addressed the case of a fictitious defendant and whether a post-removal substitution of a named defendant who defeats diversity jurisdiction would defeat federal subject matter jurisdiction. 264 F.3d 470, 475–76 (5th Cir. 2001). The Circuit looked to 28 U.S.C. § 1441 and § 1447 (prior to the 2011 amendments), in addition to the First Circuit's decision in *Casas Office Machines, Inc. v. Mita Copystar America, Inc.*, 42 F.3d 668 (1st Cir. 1995), to resolve what was then an issue of first impression. The removal statute, § 1441, provides that when "determining whether a civil action is removable on the basis of [diversity jurisdiction], the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). According to Walmart, the propriety of removal should be determined at the time of removal, which is generally true. When Walmart removed the case, the identity and citizenship of the fictitious defendant had not yet been revealed and was therefore disregarded in determining whether the action was removable pursuant to diversity jurisdiction. Walmart maintains that because complete diversity existed between Plaintiff and Walmart at the time of removal, removal was proper.

In *Doleac*, however, the Fifth Circuit ultimately held that § 1441(b)(1) "applies only to John Doe defendants as such, not to subsequently named parties identifying

5

one of those fictitious defendants," meaning that the citizenship of a subsequently named party should not be disregarded. *Doleac*, 264 F.3d at 477. Section 1447 governs procedure after removal, and it clearly states that when a plaintiff "seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to State court." 28 U.S.C. § 1447(e). The *Doleac* court concluded that § 1447(e) applies both to a defendant who is joined post-removal and to a subsequently identified fictitious defendant.

In this case, Walmart was the party who had access to the fictitious defendant's identity, but conveniently, Walmart failed to reveal the employee's identity until after it had removed the case to this Court. The fictitious defendant, identified as Ralph W. White, Jr., is a Louisiana citizen, which means that substituting him would not only defeat diversity, but also would violate the forum-defendant rule. In its discretion, the Court finds that it lacks jurisdiction to hear this matter and therefore the case should be remanded to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

Next, Plaintiff seeks costs and fees under 28 U.S.C. § 1447(c). The Court concludes that through due diligence, Walmart could have ascertained the identity of its employee prior to removing the case to this Court, in which case, Plaintiff would not have incurred any costs or fees associated with the removal and the motion to remand. Therefore, the Court finds that Plaintiff's motion for just costs and actual expenses incurred as a result of the removal should be granted.

**CONCLUSION**

Accordingly,

**IT IS ORDERED** that Plaintiff's *Motion to Remand* **(Rec. Doc. 7)** is **GRANTED**. This case is hereby **REMANDED** to the 24th Judicial District Court for the Parish of Jefferson.

**IT IS FURTHER ORDERED** that Plaintiff's motion for just fees and actual expenses, including attorney fees, incurred as a result of removal is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's counsel is to submit to the Court a Statement of Costs and Fees incurred as a result of Walmart Inc.'s improper removal not later than **Monday, August 10, 2026**. Defendant shall then respond to Plaintiff's statement within seven (7) days, or not later than **Monday, August 17, 2026**.

New Orleans, Louisiana, this 27th day of July, 2026.

_____

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE